IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cr-11

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| DARRICK RUSSELL McQUEEN (1), | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court upon the defendant's motion to reduce the amount of restitution collected by the Bureau of Prisons, (Doc. No. 54), and the government's response, (Doc. No. 55).

The defendant is serving a sentence at the Butner (North Carolina) Federal Correctional Institution following his conviction for bank fraud offenses. (Doc. No. 50: Judgment; Doc. No. 55: Motion at 1). The Court ordered that payment of the penalties was to begin immediately. (Doc. No. 50: Judgment at 5). The Court recommended that the defendant participate in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP), and ordered that any balance remaining after imprisonment be paid in monthly installments while on supervised release. (Id.). The defendant seeks an agreement reducing his payments, presumably through the IFRP, to ease the financial burden on his elderly father. (Doc. No. 54: Motion).

The Fourth Circuit has directed that such a motion be treated as a habeas corpus petition under 28 U.S.C. § 2241 because the defendant has attacked the execution of the monetary penalties order. United States v. Hudson, 221 F. App'x 255, 256 (4th Cir. Mar. 26,

2007)(unpublished). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). The defendant is incarcerated within the Eastern District of North Carolina. Accordingly, this Court does not have jurisdiction over the instant motion.

Even if the Court had jurisdiction, it would deny the motion. First, the defendant failed to show that he exhausted administrative remedies before seeking review in district court. Jonpoll v. Thornburgh, 898 F.2d 849, 850 (2nd Cir. 1990). Second, the Fourth Circuit has held that the BOP has discretion to collect monetary payments through the IFRP when they are ordered due immediately, and a schedule is set for paying any remainder while on supervised release. United States v. Watkins, 161 F. App'x 337 (4th Cir. Jan. 19, 2006) (unpublished) (citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); McGee v. Clark, 166 F.3d 884, 886 (7th Cir. 1999); and Montano-Figueroa v. Crabtree, 162 F.3d 548, 549-50 (9th Cir. 1998)). Thus, the Court finds that it is not in the interests of justice to transfer this matter to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1631.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion (Doc. No. 549) is **DISMISSED WITHOUT PREJUDICE** to file an action in the appropriate district court at the proper time.

Signed: October 1, 2012

Robert J. Conrad, Jr.
Chief United States District Judge